1

2

3

4

5

6

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

7

8  MATTHEW H.,

Plaintiff,

9

10  v.

COMMISSIONER OF SOCIAL SECURITY,

11

Defendant.

12

CASE NO. C20-6067-BAT

**ORDER REVERSING THE COMMISSIONER'S FINAL DECISION AND REMANDING**

13          Plaintiff appeals the ALJ's decision finding him not disabled. The ALJ found obesity,

14  asthma, depression, and anxiety are severe impairments; Plaintiff has the residual functional

15  capacity (RFC) to perform a full range of work with additional nonexertional limitations; and

16  Plaintiff is not disabled because he can perform jobs in the national economy. Tr. 17-26.

17          Plaintiff contends the ALJ misevaluated two medical opinions and erroneously

18  discounted Plaintiff's testimony. Dkt. 14. For the reasons below, the Court **REVERSES** the

19  Commissioner's final decision and **REMANDS** the matter for further administrative proceedings

20  under sentence four of 42 U.S.C. § 405(g).

21

22

23

1

**DISCUSSION**

2       The Court may reverse the Commissioner's denial of Social Security benefits only if the

3  ALJ's decision is legally erroneous or not supported by substantial evidence. *Trevizo v.*

4  *Berryhill*, 871 F.3d 664, 674 (9th Cir. 2017).

5  **A.      Medical Opinions**

6       In assessing Plaintiff's 2019 application for benefits, the ALJ's evaluation of the medical

7  evidence must be supported by substantial evidence. *See* Revisions to Rules Regarding the

8  Evaluation of Medical Evidence, 82 Fed. Reg. 5852 (January 18, 2017) (deferential substantial

9  evidence standard is applicable). The ALJ is also required to articulate the persuasiveness of

10 each medical opinion and specifically account for the legitimate factors of supportability and

11 consistency in addressing the persuasiveness of a medical opinion. 20 C.F.R. §§ 404.1520c(a)-

12 (c) 416.920c(a)-(c).

13      Although the substantial evidence standard requires the Court to defer to the ALJ's

14 findings, the ALJ must provide specific and legitimate reasons in evaluating medical evidence so

15 the Court can discern the basis of the ALJ's evaluation and review the decision in a meaningful

16 way. *See, Kathleen G. v. Comm'r of Soc. Sec.*, No. C20-461 RSM, 2020 WL 6581012, at *3

17 (W.D. Wash. Nov. 10, 2020) (finding the new regulations do not clearly supersede the "specific

18 and legitimate" standard because the "specific and legitimate" standard refers not to how an *ALJ*

19 should weigh or evaluate opinions, but rather the standard by which the *Court* evaluates whether

20 the ALJ has reasonably articulated his or her consideration of the evidence); *see also Margaret S.*

21 *v. Commissioner of Social Security,* No. 3:20-cv-05833-BAT, 2021 WL 1608921 at * 3-4 (W.D.

22 Wash. April 26, 2021) (Rejecting Commissioner's suggestion ALJ is relieved of providing clear

23

and convincing or specific and legitimate reasons in assessing medical opinion noting the Court may affirm the agency's decision to deny benefits only on the grounds invoked by the agency).

As discussed below, Plaintiff challenges the ALJ's determinations regarding the opinions of two medical sources.

### 1. Bruce Tapper, Ph.D.

Dr. Tapper opined in November 2018 that Plaintiff had an "overall inability to perform competitive employment, including completing a normal workday/workweek and completing detailed tasks, with marked limitations in short, simple tasks, learning new tasks, adapting to changes in a routine work setting, making simple work-related decisions, communicating effectively, and setting realistic goals with independent planning." Tr. 24.

The ALJ rejected the opinion as "appear[ing] extremely exaggerated rather than supported by his mental status examination or narrative explanation." Tr. 24. Substantial evidence does not support this finding. In the mental status examination, Dr. Tapper listed numerous abnormal findings. The examination indicates Plaintiff's speech "slightly louder than average and was rapid with mild pressure"; Plaintiff simultaneously "appeared extremely anxious and actually looked scared although smiling broadly and laughing nervously"; Plaintiff's "mood was severely anxious"; and Plaintiff's affect "was labile and very anxious and was consistent with his self-report of anxiety." Tr. 345. Further, Dr. Tapper found Plaintiff's thought process and content, memory, concentration, and insight and judgment were not within normal limits. *Id*. The ALJ accordingly erred by rejecting Dr. Tapper's opinion as inconsistent with the mental status examination.

The ALJ also rejected Dr. Tapper's opinion because the doctor "reviewed no records." Tr. 24. This statement alone is insufficient. An ALJ errs when he or she uses "boilerplate language

that fails to offer a substantive basis for his conclusion." *Garrison v. Colvin,* 759 F.3d 995, 1012-13 (9th Cir. 2014). Here, the ALJ failed to articulate how or why the failure to review other records undermines Dr. Tapper's opinions. There is thus nothing showing that had Dr. Tapper reviewed other records, he would have rendered a different assessment of Plaintiff's limitations. The ALJ accordingly erred by rejecting the opinion on this ground.

The ALJ further rejected the opinion because Dr. Tapper "suggested vocational training would minimize or eliminate barriers to employment, which is not consistent with a disability finding." Tr. 24. This is not a valid reason. *See Matthew M. v. Saul*, No. C19-5768-MAT, 2020 WL 1083765, at *4 (W.D. Wash. Mar. 6, 2020) ("[T]he import of Dr. Neims's opinion that Plaintiff's barriers to employment would be minimized or eliminated by vocational training is unclear, given that Dr. Neims is a psychologist, rather than a vocational expert."); *Thor J. S. v. Comm'r of Soc. Sec.*, No. 3:19-CV-5451 DWC, 2020 WL 1041496, at *2 (W.D. Wash. Mar. 4, 2020) ("The ALJ does not explain how ... Plaintiff's benefit from vocational training [is] inconsistent with Dr. Weiss's opined limitations. The ALJ does not cite to the record in support of his conclusion. Without further analysis, the ALJ's reasoning is, by definition, conclusory."); *Duggan v. Berryhill*, No. 3:17-CV-5451-BAT, 2017 WL 5415928, at *5 (W.D. Wash. Nov. 13, 2017) ("[B]ecause the doctor provided no further explanation and the remainder of her report is silent as to vocational training or services, one cannot reasonably conclude that there is an inconsistency, and if so, that it is one which is inconsistent with Dr. Wingate's opinion about Mr. Duggan's limitations.").

Finally, the ALJ rejected the opinion as inconsistent with "minimal observations of difficulty by treating providers, including mild anxiety and slight withdrawal symptoms as well as inconsistent with the claimant's ability to drive, arrive to appointments on time, and improve

1  with treatment." Tr. 24 (internal citations omitted). Apart from citing to examples of Plaintiff

2  driving and arriving to appointments on time, neither of which contradict Dr. Tapper's opinions,

3  the ALJ failed to provide evidentiary support for the balance of his findings. *See Burrell v.*

4  *Colvin*, 775 F.3d 1133, 1138 (9th Cir. 2014) (It is not the job of the reviewing court to comb the

5  administrative record to find specific conflicts.).

6         Moreover, in the mental health context, an ALJ "cannot simply pick out a few isolated

7  instances" of medical health that support his conclusion but must consider those instances in the

8  broader context "with an understanding of the patient's overall well-being and the nature of [his]

9  symptoms." *Attmore v. Colvin*, 827 F.3d 872, 877 (9th Cir. 2016); *see also Garrison*, 759 F.3d at

10  1017 ("Cycles of improvement and debilitating symptoms are a common occurrence, and in such

11  circumstances it is error for an ALJ to pick out a few isolated instances of improvement over a

12  period of months or years and to treat them as a basis for concluding a claimant is capable of

13  working. Reports of 'improvement' in the context of mental health issues must be interpreted

14  with an understanding of the patient's overall well-being and the nature of her symptoms. They

15  must also be interpreted with an awareness that improved functioning while being treated and

16  while limiting environmental stressors does not always mean that a claimant can function

17  effectively in a workplace.") (cleaned up); *Holohan v. Massanari*, 246 F.3d 1195, 1205 (9th Cir.

18  2001) ("That a person who suffers from severe panic attacks, anxiety, and depression makes

19  some improvement does not mean that the person's impairments no longer seriously affect her

20  ability to function in a workplace.").

21         Here, Plaintiff had good and bad patches. The ALJ's characterization that the record

22  shows only minimal difficulty and only mild symptoms is not supported by substantial evidence.

23  Indeed, if that were truly the extent of the impact of Plaintiff's mental health conditions, the ALJ

1   would have found them not severe. The ALJ however found the record supported a finding that

2   Plaintiff's mental conditions were severe, a finding that contradicts the rationale given here.

3           In sum, the ALJ failed to provide valid reasons supported by substantial evidence in

4   rejecting Dr. Tapper's opinions and accordingly harmfully erred.

5           **2.      *ARNP Angela Pieratt***

6           ARNP Pieratt opined Plaintiff has "problems with memory and concentration" and

7   "would perform activities at an abnormally slow pace"; would have difficulty interacting with

8   supervisors and the public; would suffer from "significant stress and worsening anxiety as well

9   as the inability to easily adapt to new situations, stress and people or multitask effectively" if

10  working full-time. Tr. 24.

11          The ALJ rejected the opinion as "very vague and apparently based in large part on

12  subjective complaints." Tr. 24. Substantial evidence does not support this ground. As Plaintiff

13  correctly argues, only *some* – but not *all* – of ARNP Pieratt's observations recorded on her

14  medical source statement were based on Plaintiff's self-report. *See* Tr. 725 (memory problems

15  not based on self-report), 727 (same for attendance interruptions), 728 (same for inability to

16  sustain an ordinary routine without supervision, interact appropriately with the general public on

17  a regular and consistent basis, and respond appropriately to criticism from supervisors), 728-29

18  (same for responding to stress). Further, ARNP Pieratt administered PHQ-9 and GAD-7 tests.

19  These standardized tests assessed, respectively, Plaintiff's depression at a moderately severe

20  level and Plaintiff's anxiety at a severe level, and are clinical tools regularly employed by mental

21  health professionals. Tr. 366. The ALJ accordingly erred by discounting ARNP Pieratt's opinion

22  on this ground.

23

1    The ALJ next rejected the opinion as inconsistent with "observations of treating providers

2    suggesting relatively normal mental health other than some mild and slight symptoms often,

3    responsiveness to treatment, the claimant's ability to drive, performance in mental status

4    examinations, and situational stressors." Tr. 24. This is the same rationale the ALJ relied upon in

5    rejecting Dr. Tapper's opinions and the ALJ thus similarly erred by discounting ARNP Pieratt's

6    opinion on this ground. Further, the ALJ's suggested finding Plaintiff performed well on mental

7    status examinations is unsupported the record, as discussed above.

8    **B.    Plaintiff's Testimony**

9    The ALJ found Plaintiff presented objective medical evidence establishing underlying

10   impairments that could cause the symptoms alleged and made no finding he was malingering.

11   The ALJ was thus required to provide "specific, clear, and convincing" reasons supported by

12   substantial evidence to discount Plaintiff's testimony. *Trevizo*, 871 F.3d at 678.

13   The ALJ discounted Plaintiff's testimony as inconsistent with the record. First, the ALJ

14   found Plaintiff's testimony inconsistent with the medical evidence. Tr. 21. However, because the

15   ALJ erred in assessing critical medical evidence as discussed above, this is not a valid ground to

16   discount Plaintiff's testimony.

17   The ALJ also discounted Plaintiff's testimony as inconsistent with his activities,

18   specifically driving and completing a building project with his father. Tr. 23. As discussed

19   above, Plaintiff's ability to drive does not undercut Plaintiff's claims; neither does Plaintiff's

20   one-time building project. *See Vertigan v. Halter*, 260 F.3d 1044, 1050 (9th Cir. 2001) ("This

21   court has repeatedly asserted that the mere fact that a plaintiff has carried on certain daily

22   activities, such as grocery shopping, driving a car, or limited walking for exercise, does not in

23   any way detract from her credibility as to her overall disability. One does not need to be 'utterly

1   incapacitated' in order to be disabled.") (quoting *Fair v. Bowen*, 885 F.2d 597, 603 (9th Cir.

2   1989)); *Cooper v. Bowen*, 815 F.2d 557, 561 (9th Cir. 1987) (noting that a disability claimant

3   need not "vegetate in a dark room" in order to be deemed eligible for benefits).

4     The ALJ further discounted Plaintiff's testimony because Plaintiff "moved 11 months

5   before establishing [therapy] care, suggesting his symptoms were less bothersome than alleged."

6   Tr. 22. The ALJ provided no explanation for how "moving" supports this conclusion. It is thus

7   not a clear and convincing reason to reject Plaintiff's testimony. Further assuming the finding

8   suggests Plaintiff's symptoms are not as severe as claimed because Plaintiff failed to follow

9   through with treatment, that failure is not a valid ground because "'it is a questionable practice to

10  chastise one with a mental impairment for the exercise of poor judgment in seeking

11  rehabilitation.'" *Nguyen v. Chater*, 100 F.3d 1462, 1465 (9th Cir. 1996) (quoting *Blankenship v.*

12  *Bowen,* 874 F.2d 1116, 1124 (6th Cir. 1989)).

13    The ALJ also indicated there is a "situational component" to Plaintiff's mental health

14  problems and his limits are not based upon his psychiatric symptoms. Tr. 22. This rationale does

15  not square with the ALJ's finding Plaintiff's depression and anxiety are severe impairments. This

16  is not a case in which Plaintiff's "situations" are the cause of his limitations and that his mental

17  conditions do not and thus aren't even severe. For if Plaintiff only had limitations as a

18  consequence of a "situation" then he would not be deemed to have severe impairments and

19  instead would be deemed to have merely transient impairments that would not meet the 12-

20  month duration requirement. Further the ALJ's findings such as Plaintiff felt better when he

21  found a lawyer, does not in any meaningful way measure the severity of Plaintiff's functional

22  limitations. That Plaintiff did "feel better," does not establish what work activities he could or

23

ORDER REVERSING THE COMMISSIONER'S FINAL DECISION
AND REMANDING - 8

could not perform, or whether when he felt better could perform gainful work activity. The ALJ accordingly erred by discounting Plaintiff's testimony.

## CONCLUSION

Because the ALJ harmfully misevaluated the medical evidence and Plaintiff's testimony the case must be remanded. Plaintiff contends the Court should remand for an immediate award of benefits. Such a remand should be granted only in a rare case and this is not such a case. The medical opinions and Plaintiff's testimony must be reweighed, and this is a function the Court cannot perform in the first instance on appeal. Further proceedings are thus not only helpful to but necessary. The Court accordingly **REVERSES** the Commissioner's final decision and **REMANDS** the case for further administrative proceedings under sentence four of 42 U.S.C. § 405(g). On remand, the ALJ shall reevaluate the opinions of Dr. Tapper, ARNP Pieratt and Plaintiff's testimony, develop the record and redetermine the RFC as needed, and proceed to the remaining steps as appropriate.

DATED this 9th day of June 2021.

_____
BRIAN A. TSUCHIDA
United States Magistrate Judge